UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE CARLSON,

    Plaintiff,

v.                                                   Case No:   2:13-cv-FtM-253-DNF

CAROLYN W. COLVIN
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This case is before the Court on the Plaintiff's Complaint filed on April 3, 2013.   (Doc. 1). Plaintiff, Michelle Carlson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits and supplemental security income benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.   Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911. There is a five step disability evaluation in which the Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On November 14, 2009, Plaintiff filed an application for disability insurance benefits asserting a disability onset date of November 1, 2008. (Tr. 18). Plaintiff's application was initially denied on February 8, 2010, and denied upon reconsideration on June 17, 2010. (Tr. 18). A hearing was held before Administrative Law Judge Robert P. Kingsley ("ALJ") on August 18, 2011. (Tr. 18). The ALJ issued an unfavorable decision on October 24, 2011. (Tr. 15). On February 21, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). The Plaintiff filed a Complaint in the United States District Court on April 3, 2013. (Doc. 1). This case is now ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 21).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, ___ F. App'x ____, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013)**.**

The ALJ determined that the Plaintiff met the Social Security Act's insured status requirements through December 31, 2009. (Tr. 20). At step one of the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. (Tr. 20). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: Bipolar II Disorder, recurrent Major Depressive Disorder, Panic Disorder without agoraphobia and Substance Abuse Disorder citing 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 20). At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926). (Tr. 21). At step four, the ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 23). The ALJ limited the Plaintiff to light work with few, if any, workplace changes. (Tr. 23-28). The ALJ determined that the Plaintiff could return to past relevant work as a secretary because this is a skilled position with a sedentary exertional capacity which does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. (Tr. 28). Therefore, the ALJ concluded at step four that the Plaintiff was not under a disability as defined in the Social Security Act from November 1, 2008, through the date of the decision. (Tr. 29).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive when supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence that a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises four issues on appeal. (Doc. 25, p. 1). As stated by Plaintiff, they are:
(1) Whether substantial evidence supported the ALJ's RFC assessment.
(2) Whether the ALJ properly determined secretary work was past relevant work.

(3) Whether the ALJ properly included social functioning limitations in RFC and past work determinations.

(4) Whether the ALJ properly considered mental functioning limitations for RFC and past work determinations.

### A. Whether Substantial Evidence Supported the ALJ's RFC Assessment

The Plaintiff argues that the ALJ's decision that the Plaintiff could return to past secretarial work was not supported by substantial evidence because the ALJ's hypothetical question to the VE did not reflect the RFC assessment. (Doc. 25, p. 7). The ALJ's hypothetical question to the VE asked about "an individual capable of simply working to the light exertional level and this individual requires few, if any, changes in work location." (Tr. 66). The ALJ's decision based on the RFC assessment and VE's affirmative answer to the hypothetical question limited the Plaintiff to the full range of light work requiring "few, if any, workplace changes" in general. (Tr. 23, 59, 66). The Plaintiff asserts that her testimony and abilities were more limited than what the VE question considered which meant that the VE's testimony was not substantial evidence to support the ALJ's decision. (Doc. 25, p. 8).

The Commissioner argues that the ALJ properly relied on the VE's affirmative answer and alternatively still had substantial evidence supporting the determination that the Plaintiff could return to her past secretary work. (Doc. 26, p. 12). First, the Commissioner asserts that the ALJ used "workplace" and "work location" terms interchangeably because the ALJ's RFC assessment accounted for anxiety and agoraphobia "by limiting the claimant's exposure to unfamiliar environments," which shows consideration for all of the Plaintiff's medically evidenced workplace limitations, including those beyond the strict locational sense. (Doc. 26, p. 14) (Tr. 26). Secondly, the Commissioner argues that the ALJ must consult a VE for the step five

determination of whether the Plaintiff can perform new or different work but need not consult a VE for the step four determination for past work. (Doc. 26, p. 13) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987)). Therefore, the Commissioner argues, since the Plaintiff never met her burden of proving an inability to return to secretarial work, the case was decided at step four which meant the ALJ's question to the VE about past work was only cautionary and not required for the ALJ's decision. Consequently, any error regarding reliance on the VE hypothetical was harmless because other substantial medical evidence existed. (Doc. 26, p. 13-14).

At step four, the claim is denied if the ALJ determines that the claimant can return to past relevant work but proceeds to step five if the claimant cannot return to past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). The Plaintiff bears the step four burden of proving that a severe impairment prevents returning to past work. *Bowen*, 482 U.S. at 146, n.5. The ALJ must use all relevant evidence to determine the Plaintiff's (a) RFC and (b) ability to return to past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). The ALJ *may* use a VE in determining whether the claimant can return to past work. 20 C.F.R. § 404.1560(b)(2); *Jones v. Bowen*, 310 F.2d 1001, 1005 (11th Cir. 1986) (ALJ relied on VE testimony in finding that claimant could perform past work). A VE hypothetical question must include all of the claimant's impairments in order for the answer to constitute substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). However, a VE is not required for the ALJ's step four determination. *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (VE testimony is required in the step five determination for claimant's ability for new or other work but not the step four determination for claimant's ability to return to past work).

In the present case, the ALJ asked the VE whether a hypothetical "individual capable of simply working to the light exertional level and this individual requires few, if any, changes in work location" could return to past work. (Tr. 66). The VE said the individual "should be able to work as a secretary" which was a past position of the Plaintiff. (Tr. 67). After considering the symptoms and relevant evidence, the ALJ determined that the Plaintiff had the RFC to perform less than the full range of light work with "few, if any, workplace changes" and could return to past relevant work as a secretary. (Tr. 23, 28). The ALJ expressly accounted for limitations beyond the strict locational sense, such as anxiety and agoraphobia, in the RFC assessment. (Tr. 26). The ALJ relied on the Plaintiff's own statements that she had no difficulty leaving her home, could do tasks such as household chores, and considered work a "safe place" like her home. (Tr. 26). Furthermore, Dr. Howe examined the medical record and claimant to find that the claimant was able to accept simple instructions and likely had only slight difficulty in interacting with coworkers and the public due to her severe anxiety and agoraphobia. (Tr. 26). Therefore, the Plaintiff's statements and Dr. Howe's opinion provided substantial evidence for the ALJ's determination that the Plaintiff had the RFC to return to past work with only "few, if any, workplace changes." (Tr. 23).

The Plaintiff's argument that the ALJ's RFC assessment lacked the support of substantial evidence because the RFC used the words "workplace changes" but the VE hypothetical used the different words "changes in work location" is without merit. (Tr. 23, 59, 66). First, the VE's testimony was only advisory and not required for the ALJ's step four determinations. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (VE testimony is required in the step five determination for claimant's ability for new or other work but not the step four determination for claimant's ability to return to past work).

Second, the Plaintiff's own statements and Dr. Howe's opinion about the Plaintiff's abilities provided substantial evidence for the ALJ's RFC and past work determinations. (Tr. 26, 55, 180, 240, 335). Therefore, no further determination is required for whether the ALJ used the terms "work location" and "workplace changes" interchangeably in order for the VE answer to constitute substantial evidence.

### B. Whether the ALJ Properly Determined Secretary Work Was Past Relevant Work

The Plaintiff argues that the ALJ improperly determined that the Plaintiff's secretary work was past relevant work because the position did not last long enough for the Plaintiff to learn the position. (Doc. 25, p. 9-10). The Plaintiff testified about leaving her job after 1.5 years because of mistakes. (Tr. 46-47, 159). The Plaintiff argues that the secretary job takes up to and including two years to learn according to the Dictionary of Occupational Title ("DOT") and this, along with the Plaintiff's mistakes, proves that the secretary work was not past relevant work because the Plaintiff did not learn the secretary work. (Doc. 25, p. 10, Exhibit A).

The Plaintiff alternatively argues that the ALJ improperly determined that the Plaintiff could return to the past secretary work because the position would be precluded by the ALJ's restriction of "few, if any, workplace changes." (Doc. 25, p. 10) (Tr. 23, 59, 66). The Plaintiff argues that the DOT describes secretary work as having "limited standardization" which is inconsistent with "few, if any, workplace changes." (Doc. 25, p. 11, Exhibit A). Therefore, the Plaintiff argues that the ALJ could not have reasonably relied on the VE's step four finding that the Plaintiff could return to her past secretary work because the ALJ's question to the VE did not account for all of the Plaintiff's limitations. (Doc. 25, p. 10).

The Commissioner argues that the Plaintiff's 1996-1998 employment as a secretary met the 1-2 year DOT time requirement for learning the secretary position. (Doc. 26, p. 10) (Tr.

46-47, 159). The Commissioner further asserts that the fact that she voluntarily quit her job—as opposed to having been fired or disciplined—fails to prove that the Plaintiff did not learn the secretary position. (Doc. 26, p. 10) (Tr. 46). Therefore, the Commissioner argues that the Plaintiff did not meet her burden of disproving past relevant work as a secretary. (Doc. 26, p. 10).

In order to proceed to step five, the Plaintiff has the burden of proving that she cannot perform past relevant work as previously performed or as performed in the national economy. *Lucas v. Sullivan,* 918 F.2d 1567, 1571 (11th Cir. 1990); *Scharber v. Commissioner of Social Security*, 411 Fed. Appx. 281, 282 (11th Cir. 2011). Past relevant work is defined as work performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [Plaintiff] to learn to do it." 20 C.F.R. § 404.1560(b)(1).

In the present case, the Plaintiff testified that she performed secretarial work for 1.5 years before quitting. (Tr. 47). The Plaintiff does not object to the work being within the required past 15 years or that the activity was substantially gainful. The Plaintiff objects to the ALJ's determination that the Plaintiff worked long enough to learn the position. Since the DOT defined 1-2 years as the time period to learn secretarial work and the Plaintiff worked for 1.5 years, substantial evidence supported the ALJ's decision that the Plaintiff worked long enough to learn the position. Furthermore, testimony of past mistakes was only suggestive evidence which the ALJ determined did not meet the Plaintiff's burden of proving failure to learn past work. Therefore, the ALJ properly relied on the DOT guidelines and 1.5 years of actual work to determine that voluntarily quitting the secretary job failed to prove that the defendant did not work long enough to learn the secretary position. Thus, the ALJ properly determined that the secretary work was the Plaintiff's past relevant work.[1]

---

1 The first issue's analysis also applies here in dispatching the Plaintiff's evidential objection regarding the VE questioning.

### C. Whether the ALJ Properly Included Social Functioning Limitations in RFC and Past Work Determinations

The Plaintiff argues that the ALJ improperly failed to include the Plaintiff's moderate social limitations in the RFC. (Doc. 25, p. 11). The Plaintiff argues that the ALJ did not include the Plaintiff's moderate social functioning problems in the VE hypotheticals which meant that the ALJ's decision was not supported by substantial evidence. (Doc. 25, p. 12) (Tr. 23, 58-66). The Plaintiff argues that her testimony about not having problems with others at work or in public referred to the period before the disability and therefore should not be relied upon. (Doc. 25, p. 12) (Tr. 55).

Furthermore, the Plaintiff argues that substantial evidence reveals the Plaintiff's social limitations. (Doc. 25, p. 12). Dr. Griffin observed ineffective communication due to depression, Dr. Regets opined marked limitations in public interactions and moderate limitations with co-workers and supervisors, Ms. McNellis also opined moderate workplace limitations and social isolation, and Mr. Conn indicated resentment and annoyance. (Tr. 262, 264, 351, 435, 489). These social restrictions, the Plaintiff contends, were not accounted for in the RFC or VE questioning and, along with the purportedly misunderstood Plaintiff testimony about no social problems, show an absence of evidence supporting the ALJ's decision. (Doc. 25, p. 13).

The Commissioner focuses on Dr. Howe's opinion that the Plaintiff accepted simple instructions and likely had only slight difficulties in interacting with others. (Doc. 26, p. 6) (Tr. 331-35). Further, the Plaintiff testified that other people do not cause her panic attacks and that her "place of work always seems to be a safe place." (Doc. 26, p. 6-7) (Tr. 26, 55). The Commissioner argues that this testimony provided the ALJ with evidence accounting for the Plaintiff's moderate social limitations. (Doc. 26, p. 7, 9). Therefore, the Commissioner argues

that the ALJ correctly determined that the Plaintiff could perform her past work given her social limitations. *Id*.

In determining RFC, the ALJ must consider all of the claimant's impairments, including those impairments that are not severe. 20 C.F.R. § 404.1520(e); 404.1545. The ALJ must consider but is not bound by medical opinions for the ALJ's final determination of the Plaintiff's RFC and ability to return to past work. 20 C.F.R. § 404.1527(e)(2).

In the present case, the ALJ noted the Plaintiff's impairments in step two: Bipolar II Disorder, Major Depressive Disorder, Panic Disorder without Agoraphobia and Substance Abuse Disorder. (Tr. 20). The ALJ considered all symptoms in determining that the Plaintiff had the RFC for "less than the full range of light work" with "having few, if any, workplace changes" and could perform past secretarial work. (Tr. 23, 28). The ALJ found some of the Plaintiff's statements were inconsistent and not credible but relied on the social statements that the Plaintiff is comfortable in a work setting, sees her work location as a "safe place," testified that her impairments were not caused by coworkers and shops twice a week for "normal" amounts of time. (Tr. 26). Since the Plaintiff admitted that her panic attack symptoms existed during her past work period and used the present verb "feel," the positive social interaction statements seem to apply both to the Plaintiff's past and present abilities and therefore, constitute applicable evidence. (Tr. 55). Thus, the Plaintiff's objection that these statements are inapplicable to the present evaluation is not sustained and the Plaintiff has failed to show that the ALJ did not consider all of the Plaintiff's impairments.

The ALJ must consider all medical opinions in determining RFC and past work ability and the Plaintiff contends that the ALJ did not properly consider Dr. Griffin, Dr. Regets, Ms. McNellis and Mr. Conn's opinions. *See* 20 C.F.R. § 404.1527(e)(2). The ALJ, however, specifically

mentioned Dr. Griffin's opinion and accorded it little weight because Dr. Griffin relied heavily on the Plaintiff's statements, was inconsistent with other evidence, and did not reflect a review of other medical records. (Tr. 28). The ALJ also gave state agency consultant Dr. Regets's opinion limited weight because there were inconsistencies with other evidence and no basis for purported limitations towards coworkers and the general public. (Tr. 27).

The ALJ gave little weight to Ms. McNellis's opinion because the purported workplace limitations were inconsistent with the Plaintiff's own statements of comfort in working with others and Ms. McNellis was not a trained medical source regarding functional limitations. Mr. Conn, who also may not constitute a sufficiently trained medical source regarding functionality, observed that the Plaintiff seemed resentful and annoyed by others in July 2010. (Tr. 489). Mr. Conn's observation also seemed inconsistent with the Plaintiff's own statements about being able to work with others and likely merits little weight for the RFC and past work determination. The ALJ was bound by none of the preceding observations or opinions. *See* 20 C.F.R. § 404.1527(e)(2).

In conclusion, the record shows that the ALJ properly considered all relevant medical opinions and impairments. The ALJ accorded medical opinions and statements different weights and credibility. The ALJ relied on the Plaintiff's own statements about comfort in the workplace, the workplace being a "safe place" like home and coworkers not producing her impairments. (Tr. 26). Though not bound by it, the ALJ gave substantial weight to Dr. Howe's medical opinion that the Plaintiff could perform certain tasks and likely only had slight difficulty interacting with coworkers due to her severe anxiety and Agoraphobia. (Tr. 26). The ALJ gave Dr. Howe's opinion more weight than others because Dr. Howe examined the Plaintiff and her past medical records prior to providing an opinion mostly consistent with the Plaintiff's own statements about her abilities and comfort in the work environment. (Tr. 26). Therefore, the ALJ properly

considered all of the Plaintiff's impairments and medical opinions regarding social functioning when the ALJ assessed the Plaintiff's RFC and ability to return to past relevant work.

### D. Whether the ALJ Properly Considered Mental Functioning Limitations for RFC and Past Work Determinations

The Plaintiff argues that the ALJ improperly considered the Plaintiff's problems with concentration, persistence and pace and failed to determine what limitations the Plaintiff had from Bipolar and Major Depressive disorders in considering past work. (Doc. 25, p. 13). The Plaintiff claims that the ALJ ignored an August 4, 2010 exam revealing moodiness, tearfulness and failed 3-step, serial 3 and serial 7 tasks. (Doc. 25, p. 15) (Tr. 442). The Plaintiff also argues that the ALJ incorrectly ignored Dr. Griffin's August 14, 2010 statement because Dr. Griffin actually observed the Plaintiff's inability to focus, problem-solve or track and did not rely on the Plaintiff's testimony. (Doc. 25, p. 15) (Tr. 439). Finally, the Plaintiff asserts that the ALJ impermissibly ignored the Plaintiff's statements to Dr. Howe about Bipolar Disorder and Major Depressive Disorder but relied on the Plaintiff's abilities to perform computer activities and watch television for 1-2 hours straight. (Doc. 25, p. 15) (Tr. 22, 332, 334).

The Commissioner argues that the Plaintiff's perfect mental examination on June 3, 2011, and Psychological and Psychiatric Evaluation as "improved in all areas" after treatment on June 6, 2011, provided the ALJ with substantial evidence to rely upon for his decision. (Doc. 26, p. 7) (Tr. 447, 449-51). Additionally, the Commissioner claims that the ALJ properly granted Dr. Griffin's opinion little weight because the opinion relied heavily upon the Plaintiff's subjective complaints and was inconsistent with other medical evidence. (Doc. 26, p. 7) (Tr. 28, 434-43).

Furthermore, the Commissioner argues that the ALJ, who properly considered Dr. Howe's opinion and the 2010 mental exam, was not required to discuss every piece of evidence in the decision and substantially relied on Dr. Howe's opinion that the Plaintiff could perform not only

some simple and repetitive tasks but also some detailed and complex tasks based on a mental status examination. (Doc. 26, p. 8-9) (Tr. 23, 26, 335, 442). Therefore, the Commissioner asserts that Dr. Howe's opinion, the June 3, 2011 mental exam, the June 6, 2011 Psychological and Psychiatric Evaluation and the Plaintiff's own functionality testimony provided substantial evidence for the ALJ to determine the Plaintiff's mental ability for past secretarial work. (Doc. 26, p. 8).

In determining RFC, the ALJ must consider all of the claimant's impairments, including those impairments that are not severe. 20 C.F.R. § 404.1520(e); 404.1545. The ALJ must consider but is not bound by medical opinions for the ALJ's final determination of the Plaintiff's RFC and ability to return to past work. 20 C.F.R. § 404.1527(e)(2).

In the present case, the ALJ substantially relied on Dr. Howe's opinion that, given her moderate impairments, the Plaintiff had the mental ability to make simple calculations, perform some complex tasks and receive instructions from supervisors. (Tr. 26, 335). As mentioned, the ALJ gave Dr. Howe's opinion substantial weight because Dr. Howe examined the Plaintiff and her past medical records prior to providing an opinion mostly consistent with the Plaintiff's own statements about her abilities and level of comfort in the work environment. (Tr. 26). The Plaintiff's objection that the ALJ did not consider Dr. Griffin's observations of the Plaintiff's inability to focus, problem-solve or track is not sustained because the ALJ did consider Dr. Griffin's opinion and accorded it little weight due to the opinion's poor reflection of other medical records and inconsistency with other evidence. (Tr. 28). The ALJ was not bound by Dr. Griffin's observations and properly granted them little weight. 20 C.F.R. § 404.1527(e)(2). Furthermore, the August 4, 2010 exam revealing moodiness, tearfulness and failed 3-step, serial 3 and serial 7 tasks was outweighed by the June 3, 2011 perfect mental exam and June 6, 2011 Psychological and Psychiatric Evaluation as "improved in all areas." (Tr. 442, 447, 449-51).

In conclusion, the Plaintiff has not shown that the ALJ failed to consider all of the Plaintiff's mental impairments or the corresponding medical opinions regarding the Plaintiff's mental abilities. Dr. Howe's opinion, which was given substantial weight, the June 3, 2011 exam, June 6, 2011 evaluation and the Plaintiff's own statements provided the ALJ with substantial evidence for assessing the Plaintiff's RFC and determining that the Plaintiff could return to past relevant work.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 19, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties